UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH ANTHONY DOMINGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Defendant. | Case No. 20-cv-01685-JD<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 3, 4, 8, 12, 13 |

Plaintiff, a pre-trial detainee, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 and a motion to remove his state criminal prosecution pursuant to 28 U.S.C. § 1455. He has been granted leave to proceed in forma pauperis.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings are liberally construed, but still subject to the rules of procedure. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff asks the Court to intervene in his state criminal case.  The removal of a criminal prosecution to federal court is governed by 28 U.S.C. § 1455.  Section 1455(b)(4) requires the prompt examination by the district court of any notice of removal, and summary remand if it appears clearly from the notice that removal should not be permitted.  Section 1445 describes the procedural mechanism for removing criminal case; the substantive basis for removal of criminal prosecution is derived from Sections 1442, 1442a, and 1443.

Section 1442 applies only to criminal prosecutions in which the criminal defendant is the United States or an agency or officer of the United States.  That does not provide a basis for removal here.

Removal jurisdiction under Section 1443 is limited and must satisfy a two-prong test. "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)).  "Second, it must appear . . . that the removal petitioner is 'denied or cannot enforce' the specific federal rights 'in the courts of the State.'" *Id.* (quoting *Rachel*, 384 U.S. at 803).

2

It is not enough to allege or show that a criminal defendant's federal civil rights have been denied by corrupt state administrative officials in advance of trial, that the charges are false, or even that defendant is unable to secure a fair trial in a particular state court, because it is expected that the state trial will protect defendant's rights. *See City of Greenwood v. Peacock*, 384 U.S. 808, 827-28 (1966). "The vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." *Id*. at 828.

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971); *Samuels v. Mackell*, 401 U.S. 66, 68-74 (1971). Federal courts should not enjoin pending state criminal prosecutions absent a showing of the state's bad faith or harassment, or a showing that the statute challenged is "flagrantly and patently violative of express constitutional prohibitions." *Younger*, 401 U.S. at 46, 53-54 (cost, anxiety and inconvenience of criminal defense not kind of special circumstances or irreparable harm that would justify federal court intervention; statute must be unconstitutional in every "clause, sentence and paragraph, and in whatever manner" it is applied); *see Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 225-26 (9th Cir. 1994) (even if some applications of proposition 115 unconstitutional, provisions challenged by complainants not so "flagrantly and patently" unconstitutional as to invoke federal jurisdiction); *cf. Dombrowski v. Pfister*, 380 U.S. 479, 482 (1965) (plans to employ arrests, seizures and threats of prosecution to harass and discourage vindication of the rights of blacks, including continuing threats to prosecute despite quashing of warrants, constitutes type of harm that would justify federal intervention).

Plaintiff's complaint is dismissed with leave to amend to provide more information. To the extent he seeks the removal of his state court criminal prosecution he must meet the standards discussed in this Order. To the extent he seeks this Court to intervene in his state court prosecution, he must demonstrate extraordinary circumstances.

Plaintiff's motion for a writ of mandamus is denied. Federal district courts are without power to issue mandamus to direct state courts, state judicial officers, or other state officials in the performance of their duties. A petition for a writ of mandamus to compel a state court or official to take or refrain from some action is frivolous as a matter of law. *See Demos v. U.S. District Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991) (imposing no filing in forma pauperis order); *Clark v. Washington*, 366 F.2d 678, 681 (9th Cir. 1966) (attorney contested disbarment and sought reinstatement); *see also In re Campbell*, 264 F.3d 730, 731-32 (7th Cir. 2001) (denying petition for writ of mandamus that would order state trial court to give petitioner access to certain trial transcripts which he sought in preparation for filing state post-conviction petition; federal court may not, as a general rule, issue mandamus to a state judicial officer to control or interfere with state court litigation).

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend. The amended complaint must be filed within **thirty-five (35) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of this case.

2. Plaintiff's motions for relief (Docket Nos. 3, 4, 8, 12) are **DENIED**. He may present arguments concerning those motions in an amended complaint. Plaintiff's motion (Docket No. 13) is **DENIED** as moot because he has been granted leave to proceed in forma pauperis.

3. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of

Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: June 1, 2020

_____
JAMES DONATO
United States District Judge