UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH ANTHONY DOMINGUEZ, <br><br> Plaintiff, <br><br> v. <br><br> PEOPLE OF THE STATE OF CALIFORNIA, <br><br> Defendant. | Case No. 20-cv-01685-JD <br><br> **ORDER OF DISMISSAL** <br> Re: Dkt. Nos. 19, 22, 25, 27, 29, 30, 31, 32 |

Plaintiff, a pre-trial detainee, proceeds with a pro se civil rights complaint under 42 U.S.C. § 1983 and a motion to remove his state criminal prosecution pursuant to 28 U.S.C. § 1455. The original complaint was dismissed with leave to amend and plaintiff has filed an amended complaint.

## DISCUSSION

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings are liberally construed, but still subject to the rules of procedure. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.  The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff asks the Court to intervene in his state criminal case.  The removal of a criminal prosecution to federal court is governed by 28 U.S.C. § 1455.  Section 1455(b)(4) requires the prompt examination by the district court of any notice of removal, and summary remand if it appears clearly from the notice that removal should not be permitted.  Section 1445 describes the procedural mechanism for removing criminal case; the substantive basis for removal of criminal prosecution is derived from Sections 1442, 1442a, and 1443.  Sections 1442 and 1442a do not provide a basis for removal in this case.

Removal jurisdiction under Section 1443 is limited and must satisfy a two-prong test.  "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'"  *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)).  "Second, it must appear . . . that the removal petitioner is 'denied or cannot enforce' the specific federal rights 'in the courts of the State.'"  *Id*. (quoting *Rachel*, 384 U.S. at 803).

It is not enough to allege or show that a criminal defendant's federal civil rights have been denied by corrupt state administrative officials in advance of trial, that the charges are false, or

2

even that defendant is unable to secure a fair trial in a particular state court, because it is expected that the state trial will protect defendant's rights. *See City of Greenwood v. Peacock*, 384 U.S. 808, 827-28 (1966). "The vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." *Id*. at 828.

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971); *Samuels v. Mackell*, 401 U.S. 66, 68-74 (1971). Federal courts should not enjoin pending state criminal prosecutions absent a showing of the state's bad faith or harassment, or a showing that the statute challenged is "flagrantly and patently violative of express constitutional prohibitions." *Younger*, 401 U.S. at 46, 53-54 (cost, anxiety and inconvenience of criminal defense not kind of special circumstances or irreparable harm that would justify federal court intervention; statute must be unconstitutional in every "clause, sentence and paragraph, and in whatever manner" it is applied); *see Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 225-26 (9th Cir. 1994) (even if some applications of proposition 115 unconstitutional, provisions challenged by complainants not so "flagrantly and patently" unconstitutional as to invoke federal jurisdiction); *cf. Dombrowski v. Pfister*, 380 U.S. 479, 482 (1965) (plans to employ arrests, seizures and threats of prosecution to harass and discourage vindication of the rights of blacks, including continuing threats to prosecute despite quashing of warrants, constitutes type of harm that would justify federal intervention).

Plaintiff presents many allegations about inconsistent statements from witnesses, biased police reports and adverse rulings from the trial judge. He states the trial judge has been violating his rights ever since he was denied the right to represent himself and found to be incompetent. He states the trial judge has been editing the transcripts and conspiring to violate his rights. Plaintiff presents many allegations, but very little evidence in support. Ultimately, he has not met the requirement pursuant to Section 1443 to remove this case. Nor has he shown extraordinary circumstances to warrant any other federal court intervention.

**CONCLUSION**

1. This action is **DISMISSED** with prejudice.

2. In light of the dismissal, all pending motions are **DENIED** as moot.

3. The Clerk shall close this case.

**IT IS SO ORDERED.**

Dated: July 10, 2020

JAMES DONATO
United States District Judge